**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMAURY GARCIA, | ) | |
| | ) | Case No. 20-cv-0423 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| RUHLING FARMS, LLC, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amaury Garcia brought a five-count complaint sounding in negligence against TA Operating, LLC d/b/a TravelCenters of America ("TravelCenters"), among others, based on the Court's diversity jurisdiction. 28 U.S.C. § 1332. Before the Court is TravelCenters' amended motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). For the reasons explained below, the Court denies TravelCenters' motion.

**Background**

On August 16, 2018, Garcia was driving an 18-wheeler truck with a load for Bedford Motor Services ("Bedford"). Garcia was traveling westbound on I-96 in Ingham County, Michigan. Garcia avers that sometime around 5 p.m. that day, his truck broke down. He then moved his truck to the shoulder of the highway. Shortly thereafter, Garcia contacted Bedford. Bedford, on behalf of Garcia, then contacted TravelCenters to request roadside assistance. TravelCenters said it would respond to the service call. Approximately twelve hours after the initial telephone call to TravelCenters, another vehicle crossed over to the right shoulder of the highway and struck Garcia's truck. The driver of that vehicle, Raymond Guerrero Barron, is also a defendant to this lawsuit. Barron's vehicle had struck Garcia's truck prior to TravelCenters' appearance at the location.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

TravelCenters argues that Garcia has failed to establish his negligence claim. "To prove a defendant's negligence under Illinois law, a plaintiff must establish 'the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach.'" *Hutchison v. Fitzgerald Equip. Co., Inc.,* 910 F.3d 1016, 1022 (7th Cir. 2018) (citation omitted). TravelCenters first argues that it did not owe a duty of care to Garcia. "[T]he touchstone to determine the existence of a duty is 'to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.'" *Vesely v. Armslist LLC,* 762 F.3d 661, 665 (7th Cir. 2014) (citation omitted).

Garcia responds that TravelCenters had a duty of care under the voluntary undertaking theory of liability. "[P]ursuant to the voluntary undertaking theory of liability, one who undertakes, gratuitously or for consideration, to render services to another is subject to liability for bodily harm

caused to the other by one's failure to exercise due care in the performance of the undertaking." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1153 (7th Cir. 2010) (citation omitted). In other words, a party is liable for breaching a voluntary undertaking if it makes a promise to perform a service and then fails to exercise reasonable care when doing so. *See Hutchison*, 910 F.3d at 1023; *Mickens v. CPS Chicago Parking,* 131 N.E.3d 1158, 1175, 433 Ill.Dec. 313, 2019 IL App (1st) 180156 (1st Dist. 2019).

Here, Garcia has presented evidence that Bedford called TravelCenters on his behalf and that TravelCenters stated it would respond to his service call. Included in this evidence are TravelCenters' four work orders concerning Bedford's call on August 16, 2018. The last work order Garcia has provided indicates that a TravelCenters technician arrived at the scene to help Garcia, but that another driver had already hit Garcia's truck. Because there are triable issues of fact that TravelCenters voluntarily responded to the call for roadside assistance, there are genuine issues of material fact concerning TravelCenters' duty of care.

Next, TravelCenters maintains that Garcia cannot establish proximate cause as a matter of law. In Illinois, proximate cause involves two concepts – cause in fact and legal cause. *In re: Emerald Casino, Inc.,* 867 F.3d 743, 755 (7th Cir. 2017). To establish cause in fact, a plaintiff must show that defendant's actions were either a substantial factor in bringing about his injuries or "but-for" defendant's conduct, the injury would not have occurred. *Blood v. VH-1 Music First,* 668 F.3d 543, 546 (7th Cir. 2012). Legal cause, on the other hand, is a question of foreseeability. *Id.* More specifically, a "negligent act is a legal proximate cause of an injury if the injury is of the type that a reasonable person would foresee as a likely result of his conduct." *Greenhill v. REIT Mgmt. & Research, LLC,* 156 N.E.3d 1, 18, 441 Ill.Dec. 1, 2019 IL App (1st) 181164 (1st Dist. 2019). "While proximate cause may be determined as a matter of law where the facts show that the plaintiff would never be entitled to recover, proximate cause is generally an issue of material fact to be determined by the jury." *Id.; see also Vesely*, 762 F.3d at 665.

TravelCenters argues that Barron's subsequent independent act of hitting Garcia's truck was an intervening cause breaking any causal connection to TravelCenters' conduct of failing to arrive to administer roadside assistance until approximately twelve hours after the call for assistance. *See Shicheng Guo v. Kamal*, 155 N.E.3d 517, 525, 440 Ill.Dec. 747, 2020 IL App (1st) 190090 (1st Dist. 2020). It is well-established, however, that the "subsequent act of a third-party does not break the causal connection between a defendant's negligence and a plaintiff's injury if the subsequent act was probable and foreseeable." *Greenhill*, 156 N.E.3d at 18. This is substantially the same standard for legal cause because it requires an analysis of foreseeability. *See Inman v. Howe Freightways, Inc.,* 130 N.E.3d 458, 478, 432 Ill.Dec. 916, 2019 IL App (1st) 172459 (1st Dist. 2019).

In its motion, TravelCenters maintains that Garcia's conduct in moving his truck to the side of the highway and remaining in his truck and Barron's subsequent conduct of hitting Garcia's truck were not reasonably foreseeable. "[W]hat is reasonably foreseeable is a context-dependent inquiry." *Inman*, 130 N.E.3d at 479. For example, some Illinois courts have found that vehicles stopped on the road off a lane of traffic were not the proximate cause of a traffic accident, but other courts have found the opposite – depending on the facts of the case. *Id.* at 479-82 (listing cases). Similarly, Illinois courts have concluded that it is reasonably foreseeable that highway drivers may veer away from their lanes of traffic. *Id.* at 479; *see also Roeseke v. Pryor*, 504 N.E.2d 927, 932, 105 Ill.Dec. 642, 152 Ill.App.3d 771 (1st Dist. 1987). Also, in the context of intervening causation, some negligent driving by a third-party can be reasonably foreseeable. *Kramer v. Szczepaniak*, 123 N.E.3d 431, 444, 428 Ill.Dec. 702, 2018 IL App (1st) 171411 (1st Dist. 2018).

These cases lend guidance to the Court's conclusion that TravelCenters has not established as a matter of law that Garcia's and Barron's conduct was so "highly extraordinary" that "imposing liability is not justified." *Enbridge Energy, Ltd. P'ship v. Village of Romeoville*, 146 N.E.3d 832, 846, 438 Ill.Dec. 763, 2020 IL App (3d) 180060 (3d Dist. 2020) (citation omitted). Instead, reasonable minds

could differ as to whether TravelCenters' conduct was a substantial factor in bringing about Garcia's injury, and thus this is a question for the jury to decide. *Dayton v. Pledge,* 128 N.E.3d 1120, 1132, 431 Ill.Dec. 950, 2019 IL App (3d) 170698 (3d Dist. 2019). Because TravelCenters has failed to show at this early stage that its conduct was not the proximate cause of Garcia's injury as a matter of law, the Court denies its motion.[1]

**Conclusion**

Based on the foregoing, the Court denies defendant TravelCenters' amended summary judgment motion [60].

IT IS SO ORDERED.

Entered: ______________________
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 1/19/2021

[1] On a final note, because Garcia's arguments have a basis in fact and Illinois law, TravelCenters' contention that these arguments are "speculative" is misplaced.